Jones, J. (dissenting).
It is not disputed that the State now seeks to prosecute appellant for an offense under State statute based on the same act or criminal transaction that was the predicate for the town offense of which he was acquitted. The majority concludes that the prospective State prosecution in this instance falls within the exception of CPL 40.20 (subd 2, par [b]) and accordingly is not prohibited by CPL 40.20. I cannot agree.
Paragraph (b) lays down two requirements. First, each of the potentially duplicative offenses must contain an element which is not an element of the other. This criterion is met inasmuch as absence of a town permit is an element of the town offense but not an element of the State offense, and vice versa. Second, the statutory provisions defining the two offenses must be "designed to prevent very different kinds of *853 harm or evil” (my emphasis). While I can agree that it may accurately be said that the State statute differs in operative scope from the town ordinance, I cannot conclude that they are intended or drafted to prevent “very different” kinds of harm or evil. With only the slightest articulable differences, each proscription has as its objective protection of the ecology of wetlands and thus of adjacent areas. The harm or evil sought to be regulated and contained under the State statute is not substantively different, although it may be of a potentially greater geographical dimension. I must conclude, therefore, that paragraph (b) is not applicable, and respondent can rely on no other paragraph of subdivision 2.
The offense under the town ordinance involved conduct on Monday, September 10, 1973. The State charge by way of some difference relates to alleged acts on Tuesday, September 11, and Wednesday, September 12, as well. It is asserted that as a matter of substance the offending conduct took place on Monday and that no separately cognizable conduct occurred on Tuesday or Wednesday. That may prove to be the case as to pleadings or proof. Such contentions, however, should not be resolved on the present record or in this proceeding. Prohibition under CPLR article 78 is an extraordinary remedy, a procedural vehicle for raising only jurisdictional issues going to the power of the court; it is not available to raise questions properly to be considered in the criminal proceeding (see La Rocca v Lane, 37 NY2d 575, 578-579).
Accordingly, in my view, the petition in this instance should be granted to the extent of prohibiting prosecution of appellant under ECL 25-0202 with respect to any conduct on September 10, 1973, and without prejudice to the right of appellant to raise any issue he may otherwise be entitled to raise with respect to charges as to his conduct on September 11 and 12, 1973.
Chief Judge Breitel and Judges Jasen, Gabrielli, and Wachtler concur; Judge Jones dissents and votes to reverse in a separate opinion; Judges Fuchsberg and Cooke dissent and vote to reverse on the dissenting opinion by Mr. Justice John P. Cohalan, Jr., at the Appellate Division (51 AD2d 52, 54-60).
Order affirmed, without costs, in a memorandum.